IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WILLETTE WILKINS, ) | C/A 2:13-cv-2965-SB-WWD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| JANET NAPOLITANO, Secretary ) | |
| Department of Homeland Security; ) | |
| TRANSPORTATION SECURITY ) | |
| ADMINISTRATION, Agency,[1] ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Defendants' motion to dismiss. Plaintiff has responded in opposition to the motion, Defendants have replied and Plaintiff has filed a "2d" response. In this posture, the matter is ripe for disposition. For the reasons which follow, the motion should be granted.

Plaintiff complains that she "was treated with disability discrimination after being injured at work." Complaint, p.3. After she inquired about her treatment, things got "worse." Id. (reprisal and hostile work environment done with purposeful abuse and bullying). Her complaint details how she has suffered, all at the hands of Defendants according to her allegations.

Defendants' motion informs the court that Plaintiff is a former Transportation Security Officer (TSO or screener) who was employed by the Transportation Security

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson, the successor to Janet Napolitano as United States Secretary of Homeland Security, is automatically substituted as a named defendant in this matter.

Administration (TSA)[2] at the Charleston International Airport within this judicial district. The motion acknowledges that Plaintiff claims that she was the victim of disability discrimination after she suffered a leg injury at work in 2007. Plaintiff filed an EEOC complaint alleging that the TSA discriminated against her on the basis of her disability when she was subjected to harassment and a hostile work environment, and retaliated against for filing the EEOC complaint. Her administrative complaint was dismissed and her appeal was denied. This judicial action followed. Defendants' motion argues persuasively that the complaint must be dismissed in its entirety.

On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true."

---

[2]Although Plaintiff was employed by TSA, because TSA a component of the Department of Homeland Security, see 6 U.S.C. § 203(2), the Secretary of Homeland Security is the proper defendant for complaints under the Rehabilitation Act of 1973, see 29 U.S.C. §§ 791, 794 (incorporating procedural and remedial aspects of the Civil Rights Act of 1964 applicable to Federal employees, see 42 U.S.C. § 2000e-16, including the provision regarding the proper defendant for civil actions in federal court, see § 2000e-16(c)).

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Giarratano, 521 F.3d 298). The application of this standard follows.

    As noted, Defendants argue persuasively that the complaint must be dismissed. Defendants presume that Plaintiff is bringing her complaint pursuant to the Rehabilitation Act of 1973, which prohibits discrimination on the basis of disability in federal employment. Motion to Dismiss, p.3;[3] see also Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006) (noting that the Rehabilitation Act provides workplace protections for federal employees). Nevertheless, Defendants also argue that the Aviation and Transportation Security Act (ATSA) preempts application of the Rehabilitation Act to TSA screeners such as Plaintiff. The moving papers detail the passage of the ATSA following the terrorist attacks of September 11, 2001. The moving papers also capture the development of the caselaw history, both in the circuit courts of appeals and the district courts, to the effect that Congress intended to invest the Administrator of TSA with authority to exempt security screeners from the employee protections of otherwise applicable federal personnel laws. Motion, pp.4-10. This court cannot improve on the detail of Defendants' showing. The long and short of the matter is that Congress intended that TSA implement hiring standards and conditions of employment, including physical

---

[3] Defendants also note that Plaintiff cannot bring her claim pursuant to Title VII of the Civil Rights Act of 1964 because that act does not provide protection from disability discrimination.

3

standards, for screeners such as Plaintiff, whether or not those standards and conditions of employment are consistent with the Rehabilitation Act. The federal circuit court of appeals has said that the ATSA provides that the TSA "may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment" of TSA screeners to a greater degree than he may have with respect to other employees. Conyers v. Merit Sys. Protection Bd., 388 F.3d 1380, 1382 (Fed. Cir. 2004). Simply put, federal law does not support Plaintiff's complaint. She cannot state a viable claim in this court. By now, it is plain that in enacting ATSA "Congress intended to enhance the Secretary's (and the Transportation Security Administrator's) flexibility in hiring security screeners to allow selection without regard to the prohibitions against disability discrimination in the Rehabilitation Act." Joren v. Napolitano, 633 F.3d 1144, 1146 (7th Cir. 2011); see also Field v. Napolitano, 663 F.3d 505, 510 (1st. Cir. 2011) (the Aviation and Transportation Security Act precludes a security screener from bringing suit under the federal Rehabilitation Act); Castro, 472 F.3d at 1337 (TSA shall implement hiring standards and conditions of employment (including physical standards) for screening personnel, whether or not those standards and conditions of employment are consistent with the Rehabilitation Act).

    For these reasons, and for all the reasons set out in the moving papers which the court adopts as its own reasons, it is recommended that the motion to dismiss be **GRANTED**.

**IT IS SO RECOMMENDED.**

September 4, 2014

Charleston, South Carolina

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).