IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WILLETTE WILKINS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:13-cv-2965-SB |
| | ) |
| v. | ) |
| | ) |
| JANET NAPOLITANO, Secretary Department of Homeland Security; TRANSPORTATION SECURITY ADMINISTRATION, Agency,[1] | ) |
| | ) **ORDER** |
| | ) |
| Defendants. | ) |

This matter is before the Court on the report and recommendation ("R & R") of United States Magistrate Judge Wallace W. Dixon, which was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2), D.S.C., and was filed on September 4, 2014. Plaintiff Willete Wilkins ("the Plaintiff" or "Wilkins"), who is proceeding pro se, is a former Transportation Security Officer or "screener" who was employed by the Transportation Security Administration ("TSA") at the Charleston International Airport in Charleston, South Carolina.[2]



On February 12, 2010, the Plaintiff filed an EEO complaint alleging that the TSA

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson, the successor to Janet Napolitano as United States Secretary of Homeland Security, is automatically substituted as a named defendant in this matter.

[2] Although the Plaintiff was employed by the TSA, because the TSA is a component of the Department of Homeland Security, see 6 U.S.C. § 203(2), the Secretary of Homeland Security is the proper Defendant for complaints under the Rehabilitation Act of 1973. See 29 U.S.C. §§ 791, 794 (incorporating procedural and remedial aspects of the Civil Rights Act of 1964 applicable to federal employees); 42 U.S.C. § 2000e-16(c) (including the provision regarding the proper defendant for civil actions in federal court).

discriminated against her on the basis of her disability when she was subjected to harassment and a hostile work environment. After the Plaintiff's administrative complaint was dismissed and her appeal was denied, the Plaintiff initiated this action against the TSA on October 30, 2013, claiming that she was the victim of "disability discrimination" after she suffered a leg injury at work in 2007. (Entry 1 at 3-5; 10-13.) The Plaintiff seeks monetary relief for pain and suffering she endured because of "disability discrimination, hostile work environment, and reprisal." (Id. at 5.) The Defendants filed a motion to dismiss on April 9, 2014. On September 4, 2014, the Magistrate Judge issued an R&R recommending that the Court grant the Defendants' motion to dismiss. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review. For the reasons set forth below, the Court adopts the R&R and grants the Defendants' motion to dismiss.

## STANDARDS OF REVIEW

### I. Motion to Dismiss

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true the facts alleged in the complaint and view them in a light most favorable to the Plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels

and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

## II.   The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).



Objections to an R&R must be specific. Failure to file specific written objections results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985). In the absence of specific objections, the Court reviews the matter for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In the R&R, the Magistrate Judge agreed with the Defendants that the Plaintiff failed to state a viable claim because the Aviation and Transportation Security Act ("ATSA") preempts application of the Rehabilitation Act of 1973 to screeners such as the Plaintiff. As the Magistrate Judge noted, by enacting the ATSA following the terrorist attacks of September 11, 2001, "Congress intended to enhance the Secretary's (and the Transportation Security Administrator's) flexibility in hiring security screeners without regard to the prohibitions against disability discrimination in the Rehabilitation Act." Joren v. Napolitano, 633 F.3d 1144, 1146 (7th Cir. 2011); see also Field v. Napolitano, 663 F.3d 505, 510 (1st Cir. 2011) (finding that ATSA precludes a security screener from bringing suit under the federal Rehabilitation Act); Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006) (noting that the TSA shall implement hiring standards and conditions of employment, including physical standards, for screening personnel, whether or not those standards and conditions of employment are consistent with the Rehabilitation Act).



In her objections, the Plaintiff simply rehashes her allegations. Importantly, she makes no specific objection to any portion of the Magistrate Judge's R&R, and she fails to point to any legal or factual error in the R&R. After consideration, therefore, the Court finds the Plaintiff's non-specific objections to be wholly without merit, and the Court agrees with the Magistrate Judge that the Plaintiff's complaint fails to state a claim. Therefore, the Court overrules the Plaintiff's objections, adopts the R&R, and grants the Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 36) is adopted and fully incorporated herein; the Plaintiff's objections (Entry 38) are overruled; and the Defendants' motion to dismiss (Entry 27) is granted.

**AND IT IS SO ORDERED.**

_____
The Honorable Sol Blatt, Jr.
Senior United States District Judge

October **21**, 2014
Charleston, South Carolina

